# IN THE UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROLAND MA, | Case No.: __2:20-cv-1355 RAJ__ |
| Plaintiff, | |
| vs. | **COMPLAINT FOR INJUNCTION** |
| ESTHER PARK DENSMORE, *et al.* | JURY DEMAND REQUETSED |
| Defendant(s), | |
| vs. | |
| WALDEN UNIVERSITY, LLC., | |
| Third-Party Defendant. | |

## I.   COMPLAINT FOR INJUNCTION

1. Roland Ma is a resident of King County, Washington. Esther Densmore is also a resident of King County, Washington. Walden University is an Online University.

2. On or about August 6th, 2020, Ms. Densmore removed Plaintiff's Doc Halo (a HIPAA-compliance communication app), based on an accusation that an employee Rachel Mei Trotter, claiming that Plaintiff has been harassing her via text at her phone number (360) 789-4302, no due process for this accusation at all.

3. On or about September 8th, 2020, Plaintiff printed out some documents from KC Script under his field instructor's instruction, no one has ever verify the submission of the document been rejected due to the caption on the document(s) submitted

Roland Ma
100 S King St Ste 100
Seattle WA 98104-2885
☎ (253) 888-8001
📠 (253) 888-8002

online is missing. (LR 84) (CR 10).

4. Ms. Densmore interviewed Plaintiff on September 10th, 2020, but got upset that Plaintiff exercised his right to silence pursuant to the Fifth Amendment.

5. Plaintiff was notified by Ms. Densmore on September 12th, 2020, that due to the accusation of fraudulent, he is permanently suspended from entering into the building and complete his remaining nine (9) weeks of internship. Once again, no due process for this accusation at all as stated in the fourteen amendment.

## II.   THIRD-PARTY COMPLAINT

1. The Walden University (the "University") had failed to protect student and enforce the accommodation as stated, pursuant to Section 504 and APA Title II.

2. The University also failed to advocate for the student and remind Ms. Densmore, the Administrator of Washington Care Services, that student has the rights to due process pursuant to the Fifth and Fourteenth Amendments to the United States Constitution, and the Constitution of the State of Washington, Article I, Section 3, 5 and 9, for personal rights.

## III.   MERITS FOR INJUNCTION

1. Both fraudulent and harassment are criminal accusation, and the Constitution of the State of Washington has provided even better protection that all accused shall have the right to appear and defend in person, or by counsel, to demand the nature and cause of the accusation against him, to have a copy thereof, to testify in his own behalf, to meet the witnesses against him face to face, to have compulsory process to compel the attendance of witnesses in his own behalf, to have a speedy public trial by an impartial jury of the county in which the offense is charged. If Plaintiff has only been verbally notified by Ms. Densmore of the permanent suspension decision, then Ms. Densmore had violated every single constitution and statutory rights that Plaintiff has.

COMPLAINT FOR DAMAGES – Page 2 of 3

Roland Ma
100 S King St Ste 100
Seattle WA 98104-2885
☎ (253) 888-8001
🖷 (253) 888-8002

## IV.   REQUEST FOR RELIEF

Roland Ma, Plaintiff, asks the Court to:

1. Set the calendar for jury trial to determine if Plaintiff's constitution and statutory rights has been violated by Ms. Densmore or not.

2. Issue a preliminary injunction to avoid any irreversible harm, based on (a) Plaintiff likely to succeed on the merits of the claims for constitution rights issue, (b) without a preliminary injunction he will lost the tuition, and delay the graduation by one-year or more, (c) everyone is innocent until proven guilty and Defendant does not even have the Substantial Evidence for her administrative action, and finally (d) the injunction is in the public interest as the facility do receive both State and Federal fundings.

3. If a preliminary injunction cannot be granted, Plaintiff urge the Court to consider to grant Expedited Discovery to minimize the amount of damages.

## V.   CERTIFICATION AND CLOSING

Under CR 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

COMPLAINT FOR DAMAGES – Page 3 of 3

Roland Ma
100 S King St Ste 100
Seattle WA 98104-2885
☎ (253) 888-8001
🗎 (253) 888-8002