HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROLAND MA,

    Plaintiff,

  v.

ESTHER PARK DENSMORE and
WASHINGTON CARE SERVICES,

    Defendants,

  v.

WALDEN UNIVERSITY, LLC.,

    Third-Party Defendant.

Case No. 2:20-cv-1355-RAJ

ORDER DENYING THIRD MOTION FOR TEMPORARY RESTRAINING ORDER

This matter comes before the Court on Plaintiff's Second Motion for Temporary Restraining Order and Preliminary Injunction. Dkt. # 92. Having considered the submissions of the parties, the relevant portions of the record, and the applicable law, the Court finds that oral argument is unnecessary.

Although Plaintiff Roland Ma refers to the instant motion for injunctive relief as his "second," Dkt. # 92 at 1, it is in fact his third, Dkt. ## 2, 48. The Court already denied the previous two. Dkt. ## 36, 68. The same day that this Court denied his true second motion for a temporary restraining order ("TRO"), Mr. Ma filed a notice of appeal

ORDER – 1

for the second denial order.  Dkt. ## 68, 73.

"The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Trulis v. Barton*, 107 F.3d 685, 694-95 (9th Cir. 1995) (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)).  The Court lacks jurisdiction to consider the instant motion.  The Court no longer has control over "those aspects of the case involved in the appeal." *Trulis*, 107 F.3d at 694.  What is on appeal is this Court's previous order denying Mr. Ma's second motion for a TRO.  The instant motion (Mr. Ma's third motion for a TRO) seems to share the same "aspects of the case" as his second motion for a TRO.

Granted, it is unclear what Mr. Ma bases his instant motion on.  The motion cites only generic preliminary injunction rule statements, most of which are from decisions not in this circuit or district.  Dkt. # 92.  The motion does not present any new facts that have arisen since Mr. Ma's previous TRO requests that might now entitle him to relief—indeed, the motion cites no facts from this case at all. *Id.*  The Court must presume that the motion, assuming it raises any grounds for relief at all, is based on the same complaint and sets of facts as the previous two motions for a TRO.  Under that assumption, the "aspects of the case" raised by this motion are identical to the "aspects of the case" currently on appeal, over which the Court currently does not have jurisdiction.

For the reasons stated above, the Court **DENIES** Plaintiff's Second Motion for Temporary Restraining Order and Preliminary Injunction.  Dkt. # 92.

DATED this 15th day of December, 2020.

The Honorable Richard A. Jones
United States District Judge

ORDER – 2