HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROLAND MA,

    Plaintiff,

v.

ESTHER PARK DENSMORE and WASHINGTON CARE SERVICES,

    Defendants,

v.

WALDEN UNIVERSITY, LLC.,

    Third-Party Defendant.

Case No. 2:20-cv-1355-RAJ

ORDER DENYING FOURTH MOTION FOR TEMPORARY RESTRAINING ORDER

This matter comes before the Court on Plaintiff's Amended Motion for Temporary Restraining Order and Preliminary Injunction. Dkt. # 98. Having considered the submissions of the parties, the relevant portions of the record, and the applicable law, the Court finds that oral argument is unnecessary.

Plaintiff Roland Ma has moved for emergency injunctive relief four times now, the instant motion being his fourth. In his first motion for a temporary restraining order ("TRO"), Mr. Ma sought to enjoin Defendants Esther Park Densmore and Washington Care Services from suspending Mr. Ma's internship. Dkt. # 2. The Court denied that

ORDER – 1

motion. Dkt. # 36.  In his second motion for a TRO, Mr. Ma sought to enjoin "Third-Party Defendant" Walden University, LLC from expelling him.  Dkt. ## 48, 49.  The Court denied that motion.  Dkt. # 68.  Mr. Ma then appealed the Court's order denying his second motion.  Dkt. # 73.  Weeks ago, while the second motion was still on appeal, Mr. Ma filed a third motion for a TRO; the injunctive relief that he sought there was unclear.  Dkt. # 92.  The Court denied that the third motion.  Dkt. # 96.

The instant motion for a TRO is Mr. Ma's fourth.  Dkt. # 98.[1]  This motion apparently "amends" the third motion.  *Id.*  The Court denied the third motion because it shared "aspects of the case" with Mr. Ma's second motion, which is currently on appeal.  Dkt. # 96.  The Court explained that "assuming [the third motion] raises any grounds for relief at all," it must presumably be "based on the same complaint and sets of facts as the previous two motions for a TRO. [Therefore], the 'aspects of the case' raised by [the third motion] are identical to the 'aspects of the case' currently on appeal, over which the Court currently does not have jurisdiction." *Id.*

The Court's previous holding remains: the Court lacks jurisdiction over the "aspects of the case" involved in the appeal.  To the extent that this motion (the fourth) shares "aspects of the case" with the second motion, the Court lacks jurisdiction to consider it.  *See* Dkt. # 96.

That said, the instant motion seems to raise issues unrelated to those on appeal.  In the "Evidence to Consider" section of the motion, Mr. Ma offers scattered references to the docket: allegedly forged documents (Dkt. # 21), an EEOC form that he completed (Dkt. # 50), evidence that supposedly shows that he was falsely accused of committing a crime (Dkt. # 90), and a proposed amended complaint with exhibits (Dkt. ## 92-1 to 92-4).  In the "Relief" section, Mr. Ma asks the Court to grant him leave to file his proposed amended complaint and to enjoin Defendant Esther Park Densmore in several ways.  Dkt.

---

[1] The Court refers to the instant motion as either the "instant motion" or the "fourth motion."

ORDER – 2

1  # 98 at 7-8 (requesting an injunction enjoining Ms. Densmore from communicating with
2  Mr. Ma through any medium other than U.S. mail, from releasing any of Mr. Ma's
3  "protected health information," from "conducting any surveillance or background search"
4  on Mr. Ma, and from destroying potential evidence). These issues appear to be unrelated
5  to Mr. Ma's second motion, which concerned Walden University's expulsion of Mr. Ma.

6  The Court concludes that these "aspects of the case"—specifically, those raised by
7  the "Evidence to Consider" and "Relief" sections—are not involved in the appeal and
8  that the Court has jurisdiction to consider them.

9  Like a preliminary injunction, issuance of a TRO is "an extraordinary remedy
10 never awarded as of right." *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015).
11 Under Federal Rule of Civil Procedure 65(b), a party seeking a TRO must make a clear
12 showing (1) of a likelihood of success on the merits, (2) of a likelihood of suffering
13 irreparable harm in the absence of preliminary relief, (3) that the balance of hardship tips
14 in her favor, and (4) that a temporary restraining order in is in the public interest. *Winter*
15 *v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008) (articulating standard
16 for preliminary injunction); *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d
17 832, 839 n.7 (9th Cir. 2001) (noting that preliminary injunction and temporary restraining
18 order standards are "substantially identical").

19 Mr. Ma fails to show a likelihood of success on the merits. Mr. Ma's new
20 "Evidence to Consider" and "Relief" sections are completely untethered to any of the
21 claims in his complaint. Dkt. # 98. They do not explain why they are *related* to his
22 discrimination claims at all, let alone explain why they make him *likely to prevail* on
23 those claims. Because Mr. Ma fails to meet the first *Winter* prong, the Court need not
24 consider the remaining three. *Garcia*, 786 F.3d at 740.
25 / / /
26 / / /
27 / / /

ORDER – 3

For the reasons stated above, the Court **DENIES** Plaintiff's Amended Motion for Temporary Restraining Order and Preliminary Injunction. Dkt. # 98.

DATED this 28th day of December, 2020.

The Honorable Richard A. Jones
United States District Judge

ORDER – 4