HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROLAND MA,

    Plaintiff,

v.

ESTHER PARK DENSMORE and
WASHINGTON CARE SERVICES,

    Defendants,

v.

WALDEN UNIVERSITY, LLC.,

    Third-Party Defendant.

Case No. 2:20-cv-1355-RAJ

ORDER

## I. INTRODUCTION

Ten motions are before the Court. Two are brought by Defendants: Defendant Esther Park Densmore and Defendant Washington Care Services' Motion to Dismiss (Dkt. # 59) and Third-Party Defendant Walden University's Motion to Strike and Dismiss (Dkt. # 83). Eight are brought by Plaintiff Roland Ma: Motion for Reconsideration (Dkt. # 38), Motion for Leave to File Document Under Seal (Dkt. # 42), Motion for Leave to File Amended Complaint (Dkt. # 46), Application for Court-Appointed Counsel (Dkt. # 47), Motion for Order to Show Cause (Dkt. # 52), Ex-Parte Motion to Strike (Dkt. # 65), Second Motion to Strike (Dkt. # 89), and Ex-Parte Motion for Protective Order (Dkt. # 91).

ORDER – 1

Having considered the submissions of the parties, the relevant portions of the record, and the applicable law, the Court finds that oral argument is unnecessary. The Court's rulings on the motions are set forth below and summarized in the conclusion of this Order.

## II. BACKGROUND

Mr. Ma began this action on April 14, 2020, when he moved for a temporary restraining order ("TRO") against Defendants Esther Park Densmore and Washington Care Services (together, "WCS Defendants"). Dkt. # 2. He filed a complaint two days later. Dkt. # 7. The Court denied the motion. Dkt. # 36.

Mr. Ma moved for a TRO three more times after that. Dkt. ## 48, 92, 98. The Court denied each motion. Dkt ## 68, 96, 102. After the Court denied his second motion for a TRO, Mr. Ma appealed the denial order. Dkt. ## 73. Months ago, the Ninth Circuit affirmed the Court's denial. Dkt. ## 104, 105.

TRO motion practice aside, the parties have filed several motions. The motions are ripe and now pending before the Court. Dkt. ## 38, 42, 46, 47, 52, 59, 65, 83, 89, 91.

## III. DISCUSSION

The Court divides its analysis into two sections, dispositive motions and non-dispositive motions, and addresses each motion type in turn. The Court begins with Defendants' dispositive motions.

### A. Dispositive Motions

#### i. Legal Standards

##### (1) Federal Rule of Civil Procedure 12(b)(5)

It is axiomatic that the court cannot exercise jurisdiction over a defendant without proper service of process. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999); *S.E.C. v. Ross*, 504 F. 3d 1130, 1138-39 (9th Cir. 2007) ("[I]n the absence of proper service of process, the district court has no power to render any judgment against the defendant's person or property unless the defendant has consented

ORDER – 2

to jurisdiction or waived lack of process."). Federal Rule of Civil Procedure 12(b)(5) allows a defendant to move to dismiss an action where service of process of a summons and complaint is insufficient. *See* Fed. R. Civ. P. 12(b)(5).

### (2) Federal Rule of Civil Procedure 12(b)(6)

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court may dismiss a complaint for failure to state a claim. The court must assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). The court "need not accept as true conclusory allegations that are contradicted by documents referred to in the complaint." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Instead, the plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007). If the plaintiff succeeds, the complaint avoids dismissal if there is "any set of facts consistent with the allegations in the complaint" that would entitle the plaintiff to relief. *Id*. at 563; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

On a motion to dismiss, a court typically considers only the contents of the complaint. However, a court is permitted to take judicial notice of facts that are incorporated by reference in the complaint. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("A court may . . . consider certain materials documents attached to the complaint, documents incorporated by reference in the complaint."); *Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988) ("[I]t is proper for the district court to 'take judicial notice of matters of public record outside the pleadings' and consider them for purposes of the motion to dismiss.") (quoting *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986)).

### ii. Factual Allegations

For purposes of Defendants' Rule 12(b)(6) motions, the Court relies solely on the factual allegations set forth in the complaint. Dkt. # 7. According to the complaint, on

ORDER – 3

August 26, 2020, Ms. Densmore revoked Mr. Ma's authority to access "doc halo," a "HIPAA-compliance communication app." *Id.* at 1. Ms. Densmore did so "based on an accusation" made by an employee that Mr. Ma "ha[d] been harassing [the employee] via text" message. *Id.* The complaint alleges that Mr. Ma was afforded "no due process for this accusation at all." *Id.* Later, on September 12, 2020, Ms. Densmore "permanently suspended" Mr. Ma from entering "the building" and from completing the remaining weeks of his internship. *Id.* at 2. What is more, the complaint alleges that Defendant Walden University LLC ("Walden University" or "University") further violated his rights by "fail[ing] to advocate for [him]" and failing to "remind Ms. Densmore" of his "rights to due process pursuant to the Fifth and Fourteenth Amendments to the United States Constitution, and the Constitution of the State of Washington, Article I, Section 3, 5 and 9, for personal rights." *Id.*

### iii. WCS Defendants' Motion to Dismiss (Dkt. # 59)

WCS Defendants seek to dismiss the complaint for two reasons. First, they say that Mr. Ma has not properly served them with the complaint, warranting dismissal under Rules 12(b)(2), 12(b)(4), and 12(b)(5). Second, they say that Mr. Ma has failed to state a claim, warranting dismissal under Rule 12(b)(6).

#### (1) Insufficient Service of Process

Once a defendant challenges service of process, the plaintiff bears the burden of establishing the validity of service of process under Federal Rule of Civil Procedure 4. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). "A signed return of service constitutes prima facie evidence of valid service 'which can be overcome only by strong and convincing evidence.'" *S.E.C. v. Internet Sols. for Bus. Inc.*, 509 F.3d 1161, 1166 (9th Cir. 2007) (quoting *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993)). A defendant may not rebut this presumption "by a mere conclusory denial of service." *Freeman v. ABC Legal Servs. Inc.*, 827 F. Supp. 2d 1065, 1075 (N.D. Cal. 2011). When factual issues exist, to determine whether service was proper, courts

ORDER – 4

may review evidence outside the pleadings, such as affidavits, depositions, oral testimony, or other admissible evidence. *Tart Optical Enterprises, LLC v. Light Co.*, No. 2:16-cv-08061-JAK-MRW, 2017 WL 5957728, at *3 (C.D. Cal. Sept. 27, 2017) (collecting cases).

Mr. Ma has filed with this Court a proof of service. Dkt. # 31-1. In that document, a supposedly licensed process server served Ms. Densmore and, through its registered agent, Washington Care Services. *Id.* Mr. Ma has thus met his prima facie burden. WCS Defendants argue, however, that they were not in fact served. Dkt. # 59 at 5-9.

They support their argument with three sworn affidavits. Mr. Ma's proof of service purports that Ms. Densmore was served "on property" on September 18, 2020, but she testifies that on that date she was not personally served with the summons. Dkt. # 61 ¶¶ 5-6. Instead, she says that the summons was delivered to a fax machine at Washington Care Center a day earlier. *Id.* Similarly, Mr. Ma's proof of service purports that Washington Care Services was served through its registered agent, Jim Krieger. Dkt. # 31-1. The proof of service represents that the process server served Mr. Krieger at his personal residence on 1614 24th Avenue, Seattle, WA 98122, when the process server was unable to locate him at 2821 S. Walden Street, Seattle, WA 981444. *Id.* But Mr. Krieger testifies that he was never served at his personal residence. Dkt. # 62 ¶ 6. Indeed, he says that he does not have a residence at 1614 24th Avenue at all. *Id.* Instead, he says that a package was addressed to him at Washington Care Center and that the package, sent via United Parcel Service, contained a copy of the summons. *Id.* ¶ 9; Dkt. # 62-1. Finally, WCS Defendants offer a declaration from counsel for Walden University. Dkt. # 63. Like the two other defendants, Walden University testifies that it was not properly served despite Mr. Ma's proof of service to the contrary. *Compare* Dkt. # 31 *with* Dkt. # 63.

The Court determines that WCS Defendants have met their burden to rebut Mr.

ORDER – 5

Ma's prima facie evidence. Their sworn testimony and exhibits—including evidence of Mr. Ma, through his company "Handsomeland," attempting to personally serve Washington Care Services through United Parcel Service (Dkt. # 62-1)—is strong and convincing evidence that contradicts the proof of service. Thus, the Court concludes that WCS Defendants were not properly served under Rule 4.

When service is insufficient, courts have discretion to dismiss an action or to quash service. *S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006) (citing *Stevens v. Sec. Bank Pac. Nat'l Bank*, 538 F.2d 1387, 1389 (9th Cir. 1976)). The Court exercises its discretion by retaining this action but quashing service. WCS Defendants have long had notice of this action, mitigating any unfair prejudice caused by insufficient service. Further, based on this record, the Court has no reason to believe that Mr. Ma is unable to properly serve them. Exercising its discretion under Rule 4(m), the Court extends the time for Mr. Ma to effect proper service. Mr. Ma must serve WCS Defendants **within 30 days** of the date of this Order. Also, within 30 days of this Order, Mr. Ma must **file a submission with the Court clearly establishing his proper service** of the summons and copy of the complaint on WCS Defendants.

### (2) Failure to State a Claim

Next, WCS Defendants argue that Mr. Ma's complaint fails to state a claim and should be dismissed under Rule 12(b)(6). What claims Mr. Ma asserts in his complaint are unclear. Broadly, Mr. Ma alleges that Ms. Densmore has "violated every single constitution [sic] and statutory rights [sic]" that he has. Dkt. # 7 at 2. Elsewhere in the complaint, he suggests that as a student his "rights to due process pursuant to the Fifth and Fourteenth Amendments to the United States Constitution, and the Constitution of the State of Washington, Article I, Section 3, 5 and 9" have been violated. *Id.* The Court presumes, then, that Mr. Ma's complaint is fundamentally one for a deprivation of constitutional rights.

Mr. Ma may not seek relief directly under the United States Constitution; he must

ORDER – 6

use 42 U.S.C. § 1983. *Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992) ("Plaintiff has no cause of action directly under the United States Constitution. We have previously held that a litigant complaining of a violation of a constitutional right must utilize 42 U.S.C. § 1983."). The Court presumes that Mr. Ma's claims are brought under § 1983. *Bank of Lake Tahoe v. Bank of Am.*, 318 F.3d 914, 917 (9th Cir. 2003) (construing a claim for "equal protection" violations "under the umbrella of § 1983").

"To state a claim for relief in an action brought under § 1983, [plaintiffs] must establish that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." *Heineke v. Santa Clara Univ.*, 965 F.3d 1009, 1012 (9th Cir. 2020) (alteration in original) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999)). Section 1983 does not reach "merely private conduct, no matter how discriminatory or wrong." *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999) (quoting *Am. Mfrs.*, 526 U.S. at 50).

A court begins with the presumption that private acts do not constitute state action. *Heineke*, 965 F.3d at 1012. To overcome that presumption, a plaintiff must show that the state "has exercised coercive power or has provided such significant encouragement that the challenged action must be considered that of the state [or] the state knowingly accepts the benefits derived from unconstitutional behavior." *Id.* (internal quotation marks and citations omitted).

Nowhere in his complaint does Mr. Ma identify a state actor. At bottom, he claims that he was injured by Ms. Densmore, a private individual, and Washington Care Services. Dkt. # 7. There is no allegation that Washington Care Services is a state actor. And there are no factual allegations suggesting that WCS Defendants' actions should be imputed to the state. Thus, Mr. Ma fails to state a § 1983 claim.

Mr. Ma's claims under the Washington Constitution also fail. The sections of the constitution that Mr. Ma cites in his complaint are plainly inapplicable.

ORDER – 7

Both Sections 3 and 5 of the state constitution require state action. *State v. McCullough*, 784 P.2d 566, 568 (Wash. Ct. App. 1990) ("[I]n the civil context, Washington has refused to find a violation of the state due process provision absent state action.") (Wash. Const. art. I, § 3); *Southcenter Joint Venture v. Nat'l Democratic Policy Comm.*, 780 P.2d 1282, 1288 (Wash. 1989) ("[A]lthough an express reference to "state action" is absent from the free speech provision of our state constitution, a "state action" limitation is implicit therein.") (Wash. Const. art. I, § 5). As explained above, Mr. Ma has failed to allege any state action.

And Section 9 of the state constitution applies to criminal—not civil—cases. Wash. Const. art. I, § 9 ("No person shall be compelled *in any criminal case* to give evidence against himself, or be twice put in jeopardy for the same offense.") (emphasis added). WCS Defendants' internal investigation of Mr. Ma was not in the context of a criminal proceeding, Dkt. # 7 at 1-2, therefore this section does not apply.

State action aside, Mr. Ma's complaint fails for an even simpler reason. Absent guidance from the legislature, there is no private right of action for violations of the Washington Constitution at all. *Dunn v. City of Seattle*, 420 F. Supp. 3d 1148, 1156 (W.D. Wash. 2019) ("Washington law has no counterpart to 42 U.S.C. § 1983, and Washington courts have rejected attempts to create a private right of action for damages under the Washington Constitution . . . ." (citations omitted)) (collecting cases). Thus, Mr. Ma fails to state a claim under the Washington Constitution, and his failure cannot be cured.

In sum, the Court **QUASHES** service of the summons on WCS Defendants. The Court also **DISMISSES** the complaint as to WCS Defendants. Mr. Ma's § 1983 claims are **DISMISSED with leave to amend**; his claims for violations of the Washington Constitution are **DISMISSED with prejudice**.

### iv. Walden University's Motion to Strike and Dismiss (Dkt. # 83)

Walden University moves to strike and dismiss the complaint. Dkt. # 83. Mr. Ma

ORDER – 8

does not oppose the motion.

**(1) Third-Party Defendant**

The University seeks to strike the complaint "[t]o the extent Mr. Ma raises a third-party complaint against [it]." Dkt. # 83 at 3. In his complaint, Mr. Ma names the University as a "Third-Party Defendant." Dkt. # 7 at 1. The complaint also contains a section entitled "Third-Party Complaint." *Id.* at 2. The University argues that it is not in fact a third-party defendant under Rule 14 and that the complaint should be stricken accordingly. Dkt. # 83 at 3-4.

The Court agrees with the University: it is not a proper third-party defendant under Rule 14, which is plainly inapplicable. Under Rule 14(b), a plaintiff may bring in a third party "[w]hen a claim is asserted against [him]." Fed. R. Civ. P. 14. Here, no party is asserting a claim against Mr. Ma, and thus the rule does not apply. The Court **GRANTS** the University's motion to strike. All references to Walden University as a "third-party defendant" are hereby **STRICKEN** from the record. Because Mr. Ma is a pro se plaintiff, the Court will construe his complaint as asserting claims against the University as an ordinary Defendant. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) ("In civil rights cases where the plaintiff appears pro se, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt.").

**(2) Failure to State a Claim**

Walden University also seeks to dismiss all claims asserted against it. Again, what those claims are exactly is unclear.

In his complaint, Mr. Ma alleges that the University "failed to advocate" for him and "remind Ms. Densmore" of his "rights to due process pursuant to the Fifth and Fourteenth Amendments to the United States Constitution, and the Constitution of the State of Washington, Article I, Section 3, 5 and 9." Dkt. # 7 at 2. To the extent that Mr. Ma asserts constitutional claims against the University, those claims fail for the same reasons explained in Section III.A.ii.2 *supra*. Mr. Ma fails to allege any state action. The

ORDER – 9

complaint contains no allegation that Walden University is a state actor. And Mr. Ma may not assert a private right of action under the Washington Constitution. All constitutional claims asserted against Walden University are therefore dismissed.

Mr. Ma also appears to assert claims under both Section 504 of the Rehabilitation Act and under the Americans with Disabilities Act ("ADA"). Dkt. # 7 at 2. He alleges that the University "failed to protect" him and "enforce the accommodation as stated, pursuant to Section 504 and APA [sic] Title II." *Id.* Mr. Ma fails to state a claim under either statute.

A plaintiff bringing suit under Section 504 must show that (1) he is a qualified individual with a disability, (2) he was denied "a reasonable accommodation that [he] needs in order to enjoy meaningful access to the benefits of public services," (3) he was denied the benefits of a program by reason of the disability, and (4) the program providing the benefit receives federal financial assistance. *A.G. v. Paradise Valley Unified School Dist. No. 69*, 815 F.3d 1195, 1204 (9th Cir. 2016); *Mark H. v. Hamamoto*, 620 F.3d 1090, 1097 (9th Cir. 2010). Mr. Ma's complaint fails to plead a Section 504 claim in almost every regard. He does not plead that he is a qualified individual with a disability, that he was denied benefits of a program because of his disability, or that the program received federal financial assistance.

Mr. Ma's ADA claim, on the other hand, fails for the simple reason that Title II of the ADA does not apply to private universities. Title II of the ADA applies to "public entit[ies]." 42 U.S.C. § 12132. Public entities include only state or local government; "any department, agency, special purpose district, or other instrumentality of a State or States or local government"; and "the National Railroad Passenger Corporation, and any commuter authority." *Id.* § 12131. The complaint identifies Walden University as an "[o]nline [u]niversity" and a limited liability corporation. Dkt. # 7 at 1. Title II of the ADA, then, plainly does not apply.

In sum, the Court **DISMISSES** the complaint as to Walden University. Mr. Ma's

ORDER – 10

§ 1983, Section 504, and ADA claims are **DISMISSED with leave to amend**; his claims for violations of the Washington Constitution are **DISMISSED with prejudice**.

B. Non-Dispositive Motions

The remaining eight motions, filed by Mr. Ma, are non-dispositive. The Court addresses each in the order they were filed.

i. Motion for Reconsideration (Dkt. # 38)

Motions for reconsideration are disfavored under the Local Rules for the Western District of Washington. Local Rules W.D. Wash. LCR 7(h)(1). "[I]n the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence," such motions will ordinarily be denied. *Id.* "A motion for reconsideration 'may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'" *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (emphasis in original) (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)).

Months ago, the Court denied Mr. Ma's first motion for TRO. Dkt. # 36. The Court denied that motion for the same reasons it grants WCS Defendants' motion to dismiss here: Mr. Ma failed to identify a state actor. *Id.* Mr. Ma later filed a motion for reconsideration. Dkt. # 38. He claims that "new evidence[]" has surfaced after he moved for a TRO. *Id.* at 1; Dkt. ## 38-1, 38-2. He also contests, without any supporting evidence, some of the Court's factual findings, *id.* at 2-3, that were not material to the Court's ultimate conclusion that Mr. Ma failed to identify a state actor.

The Court has reviewed Mr. Ma's motion and his "new evidence" and denies reconsideration. First, Mr. Ma does not explain why the evidence could not have been brought to the Court's attention earlier. Second, and more importantly, Mr. Ma's evidence and argument fail to address the critical deficiency of his motion. Mr. Ma still fails to show why the actions of Ms. Densmore, a private individual, and Washington

ORDER – 11

Care Services may fairly be imputed to the state. Thus, the Court **DENIES** Mr. Ma's motion for reconsideration.

### ii. Motion for Leave to File Document Under Seal (Dkt. # 42)

In support of her response to Mr. Ma's first motion for a TRO, Ms. Densmore submitted a declaration. Dkt. # 24. In her declaration, she testified that Mr. Ma reported that a WCC patient threatened suicide and that, after investigation, WCC learned that the purported "suicide tool" was in fact "a piece of equipment that [the patient] uses for arm exercises." *Id.* ¶ 5. In a one-sentence motion, Mr. Ma now requests that he be able to file a picture of that exercise equipment under seal because "a picture is worth a thousand words." Dkt. # 42. Mr. Ma does not explain what motion or matter he wants to attach that picture to, and he does not explain why the picture should be sealed from the public. For those reasons, the Court **DENIES** Mr. Ma's motion to seal.

### iii. Motion for Leave to File Amended Complaint (Dkt. # 46)

Mr. Ma seeks leave to file an amended complaint. Dkt. # 46. His motion is largely unintelligible. At bottom, however, he says, "before the defendants file a 12(b)(6) motion, . . . it would be more fruitful to seek permission to file an amended complaint." *Id.* at 3. The Court has already granted Defendants' motions to dismiss and has granted leave to amend various claims. The Court thus **DENIES** Mr. Ma's motion for leave to file an amended complaint as moot.

### iv. Application for Court-Appointed Counsel (Dkt. # 47)

Generally, a person has no right to counsel in civil actions. *See Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). However, a court may under "exceptional circumstances" appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004).

When determining whether "exceptional circumstances" exist, a court must consider "the likelihood of success on the merits as well as the ability of the petitioner to

ORDER – 12

articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). Yet neither of these considerations is dispositive; they must instead be viewed together. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). A plaintiff must plead facts showing that she has an insufficient grasp of her case or the legal issue involved and has an inadequate ability to articulate the factual basis of her claim. *Agyeman*, 390 F.3d at 1103. Although most parties would benefit from representation by an attorney, that is not the standard for appointment of counsel in a civil case. *See Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F. 3d 952 (9th Cir. 1998) (finding that a *pro se* litigant may be better served with the assistance of counsel is not the test). A plaintiff must show exceptional circumstances.

Mr. Ma requests that the Court appoint counsel to represent him. Dkt. # 47. He fails to identify, however, any "exceptional circumstances." Four times now, he has been denied a TRO because he has failed to show a likelihood of success on the merits. Dkt. ## 36, 68, 96, 102. And based on his voluminous filings in this case, the Court finds that he has the ability to articulate his claims. Further, his claims are not that complex: ultimately, he believes that three Defendants deprived him of his constitutional rights. The Court's rejection of his claims to date does not mean that the claims themselves are complex. The Court **DENIES** Mr. Ma's motion for appointed counsel.

### v. Motion for Order to Show Cause (Dkt. # 52)

Mr. Ma moves the Court for an order to show cause requiring Wendy H. Li to explain why she has not complied with a subpoena. Dkt. # 52; Dkt. # 52-1. Mr. Ma also requests that Ms. Li be held in contempt of Court for failing to respond to his motion, for failing to comply with the subpoena that he supposedly personally served, and for "unclean hands practice." Dkt. # 86.

WCS Defendants oppose the motion. Dkt. # 88. In their response, they argue that Mr. Ma failed to notify them of the subpoena, violating Rule 45. *Id.* at 2. They also

ORDER – 13

argue that, after obtaining his first subpoena, Mr. Ma later filed a praecipe requesting new subpoenas. *Id.* Those later-filed subpoenas, they say, were served and timely objected to. *Id.* Overall, they argue that is unclear which subpoena Ms. Li allegedly failed to respond to given that this litigation has been "confusing and chaotic." *Id.* at 3.

The Court agrees with WCS Defendants: Mr. Ma's prolific and incomprehensible submissions to this Court have made this litigation confusing and chaotic. The instant motion for an order to show cause is no exception. The motion does not explain when Ms. Li was served or how she was served or, more importantly, what subpoena she was actually served with. Thus, based on this record, the Court **DENIES** the motion.

### vi. Ex-Parte Motion to Strike (Dkt. # 65)

As discussed in Section III.B.ii *supra*, in support of her opposition to Mr. Ma's first motion for a TRO, Ms. Densmore submitted a declaration. Dkt. # 24. In that declaration, the footer contained the text "Notice of Appearance." *Id.* Observing that Ms. Densmore is a Defendant in this action and not an attorney, Mr. Ma requests that the Court strike the declaration. Dkt. # 65.

The "Notice of Appearance" in the footer of Ms. Densmore's declaration appears to be a clerical error. Ms. Densmore is not an attorney, she is represented by counsel, and she has never attempted to appear in this matter. And in her later declarations with this Court, she has corrected the footer to remove the "Notice of Appearance" language. *See, e.g.*, Dkt. # 61. In any event, the Court **GRANTS in part** Mr. Ma's motion. The Court does not strike the entire declaration but only the footer of the declaration, the portion that refers to the document as a "Notice of Appearance." Dkt. # 24.

### vii. Second Motion to Strike (Dkt. # 89)

Mr. Ma seeks to strike WCS Defendants' response to one of his motions. Dkt. # 89. Measuring just two sentences long, his motion to strike argues that the response should be stricken for failing to comply with the Court's Standing Order. *Id.* The Standing Order, he observes, states that "the Court does not allow citations in footnotes

ORDER – 14

or endnotes." Dkt. # 12. ¶ 10.

The Court will not strike WCS Defendants' response, Dkt. # 88, on that basis. To be sure, the Court strongly disfavors footnoted legal citations, which serve as an end-run around page limits and formatting requirements dictated by the Local Rules. *See* Local Rules W.D. Wash. LCR 7(e). Moreover, several courts have observed that "citations are highly relevant in a legal brief" and including them in footnotes "makes brief-reading difficult." *Wichansky v. Zowine*, No. CV-13-01208-PHX-DGC, 2014 WL 289924, at *1 n.1 (D. Ariz. Jan. 24, 2014). Having reviewed the response, however, the Court finds that WCS Defendants' use of footnotes, so far, has been appropriate. The response is well under the page limit, and, for the most part, the footnotes contain supplemental information not "citations" to legal authority. Thus, the Court **DENIES** Mr. Ma's second motion to strike.

### viii. Ex-Parte Motion for Protective Order (Dkt. # 91).

Mr. Ma moves for a protective order. Dkt. # 91. His motion is nothing more than a series of generic rule statements about protective orders. *Id.* It contains no intelligible request, other than a protective order from a "requested deposition." *Id.* at 3. Because it lacks any serious application of law to facts, the Court **DENIES** the motion for a protective order.

## IV. CONCLUSION

For the reasons stated above, the Court finds and **ORDERS**:

(1) WCS Defendants' Motion to Dismiss (Dkt. # 59) is **GRANTED in part** and **DENIED in part**. Mr. Ma's § 1983 claims against the WCS Defendants are **DISMISSED with leave to amend**; his claims for violations of the Washington Constitution are **DISMISSED with prejudice**. Service on the WCS Defendants is **QUASHED**. The Court extends the time for Mr. Ma to effect proper service on WCS Defendants. If Mr. Ma amends his complaint, he must effect proper service of the summons and a copy of the amended

ORDER – 15

complaint **within 30 days** of the date of this Order. Also, within 30 days of this Order, Mr. Ma must **file a submission with the Court clearly establishing his proper service**.

(2) Walden University's Motion to Strike and Dismiss (Dkt. # 83) is **GRANTED**. All references to Walden University as a "third-party defendant" are hereby **STRICKEN** from the record. Mr. Ma's § 1983, Section 504, and ADA claims against Walden University are **DISMISSED with leave to amend**; his claims for violations of the Washington Constitution are **DISMISSED with prejudice**.

(3) Mr. Ma's Motion for Reconsideration (Dkt. # 38) is **DENIED**.

(4) Mr. Ma's Motion for Leave to File Document Under Seal (Dkt. # 42) is **DENIED**.

(5) Mr. Ma's Motion for Leave to File Amended Complaint (Dkt. # 46) is **DENIED as moot**.

(6) Mr. Ma's Application for Court-Appointed Counsel (Dkt. # 47) is **DENIED**.

(7) Mr. Ma's Motion for Order to Show Cause (Dkt. # 52) is **DENIED**.

(8) Mr. Ma's Ex-Parte Motion to Strike (Dkt. # 65) is **GRANTED in part**. The footer of the declaration (Dkt. # 24), the portion that refers to the document as a "Notice of Appearance," is hereby **STRICKEN** from the record.

(9) Mr. Ma's Second Motion to Strike (Dkt. # 89) is **DENIED**.

(10) Mr. Ma's Ex-Parte Motion for Protective Order (Dkt. # 91) is **DENIED**.

DATED this 30th day of June, 2021.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge

ORDER – 16