UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROLAND MA,

        Plaintiff,

    v.

ESTHER PARK DENSMORE, *et al.*,

        Defendants.

Case No. C20-1355-JHC

ORDER

This matter comes before the Court on Pro Se Plaintiff Roland Ma's Second Ex-Parte Motion to Stay ("Plaintiff's Motion"). (Dkt. # 110.) On June 30, 2021, the Honorable Richard A. Jones: (1) granted Plaintiff leave to amend his 42 U.S.C. § 1983 claims against Defendants Esther Park Densmore and Washington Care Services ("WCS Defendants") and his § 1983, Section 504 of the Rehabilitation Act, and Americans with Disabilities Act claims against Walden University; (2) extended Plaintiff's time to effect service of the summons and a copy of his amended complaint to the WCS Defendants; and (3) ordered Plaintiff to file a submission with the Court establishing proper service by July 30, 2021. (Dkt. # 106 at 15-16.) On August 2, 2021, Judge Jones extended Plaintiff's deadlines to submit his amended complaint, to effect proper service, and to demonstrate proof of service to September 16, 2021. (Dkt. # 109.)

ORDER - 1

Plaintiff's Motion submits that the King County Superior Court entered a criminal no-contact order on January 27, 2021, and conditions of release on June 10, 2021, that prohibit him from contacting WCS Defendants directly, indirectly, or through a third-party. (Dkt. # 110 at 1, *see* dkt. # 110-1 at 2-4.) Plaintiff avers that he has since made multiple attempts to modify his no-contact order and conditions of release so that he may continue to prosecute this case, but that his attempts have been unsuccessful. (Dkt. # 110 at 2.) As a result, Plaintiff requests that a stay be entered until the no-contact order has been lifted or until the Court appoints him counsel.[1] (*Id.*)

Courts have inherent power to stay proceedings. *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). In considering the appropriateness of a stay, courts balance the competing interests of the parties, including: (1) the damage that may result from a stay; (2) inequity suffered by a party if the case moves forward; and (3) any impact to the "orderly course of justice." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (citation omitted). Here, Plaintiff has demonstrated that a stay is warranted due to the no-contact order and conditions of release entered by the King County Superior Court prohibiting his contact with the WCS Defendants. (*See* dkt. # 110-1 at 2-4.)

Accordingly, the Court GRANTS Plaintiff's Motion (dkt. # 110). This matter is STAYED for 90 days or until Plaintiff provides evidence that his no-contact order and conditions of release have been modified to allow him contact with the WCS Defendants. Plaintiff is directed to file an update with the Court regarding the status of his no-contact order and conditions of release by **July 13, 2022.**

---

[1] Plaintiff's previous motion to appoint counsel was denied by Judge Jones on June 30, 2021. (Dkt. # 106 at 15-16.) Plaintiff does not currently have a pending motion for appointment of counsel.

ORDER - 2

The Clerk is directed to send copies of this Order to the parties and to the Honorable John H. Chun.

Dated this 14th day of April, 2022.

*[signature]*

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 3