UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROLAND MA,<br><br>                        Plaintiff,<br><br>    v.<br><br>ESTHER PARK DENSMORE, Administrator of Washington Care Services; WASHINGTON CARE SERVICES, a domestic non-profit 501(c)(3) corporation, Washington,<br><br>                        Defendants. | CASE NO. 2:20-cv-01355-JHC<br><br>ORDER ON REFERRAL FROM NINTH CIRCUIT |

This matter comes before the Court on referral from the United States Court of Appeals for the Ninth Circuit. Dkt. # 140. Plaintiff Roland Ma was previously granted leave to proceed in forma pauperis. Dkt. # 29. The Ninth Circuit referred the matter to this Court "for the limited purpose of determining whether in forma pauperis status should continue for this appeal or whether the appeal is frivolous or taken in bad faith." Dkt. # 140 (citing 28 U.S.C. § 1915(a)(3)).

On November 8, 2022, the Court dismissed this action without prejudice under Federal Rule of Civil Procedure 41(b) for Plaintiff's failure to show cause as to whether Plaintiff remains subject to a no-contact order and conditions of release in King County Superior Court that

ORDER ON REFERRAL FROM NINTH CIRCUIT - 1

prohibit him from contacting Defendants.[1]  Dkt. # 126.  Plaintiff filed a motion for reconsideration, asserting that he timely provided the information sought by the Court and requesting leave to file an amended complaint.  Dkts. ## 124, 128.  On November 4 and November 7, 2022, Plaintiff responded to the Court's order to show cause.  Dkts. ## 124–25.  Because neither response answered the question posed by the Court, Plaintiff failed to comply with the Court's order to show cause.  *Id.*  The Court denied Plaintiff's motion for reconsideration, and Plaintiff appealed.  Dkts. ## 135–36.

      An issue if "frivolous" where it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Legally frivolous claims are those "based on an indisputably meritless legal theory."  *Id.*  Because Plaintiff did not comply with the Court's order to show cause, the Court finds that Plaintiff's appeal is frivolous and therefore revokes his in forma pauperis status on appeal.  *See* 28 U.S.C. § 1915(a)(3); *see also Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002) (holding that revocation of in forma pauperis status is appropriate where the district court finds the appeal to be frivolous).

      Dated this 13th day of February, 2023.

*John H. Chun*
John H. Chun
United States District Judge

---

[1] The Court has asked Plaintiff to answer this question three times.  On April 14, 2022, the Court stayed the matter "for 90 days or until Plaintiff provides evidence that his no-contact order and conditions of release have been modified to allow him contact with . . . Defendants."  Dkt. # 112 at 2.  The Court directed Plaintiff to file an update with the Court on the status of his no-contact order and conditions of release by July 13, 2022.  *Id.*  Plaintiff did not file an update.  On September 2, 2022, the Court again directed Plaintiff to file an update with the Court about this same question by September 30, 2022.  Dkt. # 122 at 2.  Plaintiff did not file an update.  On October 7, 2022, the Court ordered Plaintiff to show cause by November 4 as to whether he remains subject to the no-contact order and conditions of release.  Dkt. # 123 at 2.  The Court warned Plaintiff that if he failed to show cause, the Court may dismiss the action without prejudice under Federal Rule of Civil Procedure 41(b).  *Id.*